J-A19005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN M. MAGEE, | |
| Appellant | No. 979 WDA 2014 |

Appeal from the Order Entered May 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017074-2010

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 18, 2015**

Appellant, Kevin M. Magee, appeals from the May 27, 2014 order denying his petition to enforce his plea agreement.  After careful review, we vacate the order and remand for reconsideration of Appellant's petition.

In its 1925(a) opinion, the trial court provides as follows.

> On June 22, 2011, [Appellant] pled guilty to one count of Indecent Assault, 18 Pa.C.S.A. § 3126(a)(7); one count of Unlawful Contact with Minor, 18 Pa.C.S.A. § 6318 (a)(1); one count of Endangering the Welfare of Children, 18 Pa.C.S.A. § 4304(a)(1); one count of Child Pornography, 18 Pa.C.S.A. § 6312(d)(1); one count of Indecent Assault, 18 Pa.C.S.A. § 3126(a)(7); one count of Indecent Exposure, 18 Pa.C.S.A. § 3127(1); and one count of Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1).  Pursuant to the terms of the negotiated plea agreement, this court sentenced [Appellant] to a period of 11 ½ to 23 months confinement with eligibility for both alternative housing and work release; seven (7) years concurrent probation; continued counseling; no contact with the "Mother and Child" and a ten (10) year Megan's Law Registration.

On December 20, 2012, the revisions to the registration requirements under SORNA[1] became effective. After notification from the Probation Department of the new reporting requirements, [Appellant] filed a Petition to Enforce Plea Agreement to which the Commonwealth filed an Answer. After review of the pleadings, this court agreed that the specific ruling in *Commonwealth vs. Hainesworth*, 82 A.3d 444 (Pa. Super. 2013)[,] did not apply and the Petition was denied on May 27, 2014. This timely appeal followed.

Since the filing of this appeal, there have been cases that have further clarified the Superior Court's line of reasoning in similar situations. Most recently (September 9, 2014) an Opinion was issued in *Commonwealth vs. Nase*, [104] A.3d [528], [(Pa. Super. 2014)], which is on point to the instant case. After reviewing *Nase*, it is clear that there are two specific questions that must be answered to determine if [Appellant] is entitled to enforcement of the plea agreement. 1) Was the registration/reporting requirement and specifically, the length of that reporting a part of the plea bargain; and 2) has [Appellant] [] complied with all terms of his sentence so as to entitle him to specific performance.

On the date of the Guilty Plea Hearing, the Commonwealth specifically points out that there is a "ten year registration requirement" and [Appellant] had "filled out the paperwork for that[.]" The court specifically asked the defense counsel if he agreed. (Guilty Plea Transcript, p. 5). At the Sentencing Hearing, the court enunciates each of the parts of the sentence and ends with asking the Commonwealth to put "on the record what his requirements are" and incorporated "the Megan's Law Colloquy that was signed on the 22nd of June by both [Appellant] and [Appellant]'s counsel." The court ends with "that's the agreement, correct?" to which all parties say yes. (Sentencing transcript, p. 14-15).

Trial Court Opinion (T.C.O.), 9/12/2014, at 1-3.

Appellant presents four issues on appeal.

_____

[1] Sex Offender Registration and Notification Act. 42 Pa.C.S. §§ 9799.10, *et seq.*

A. [Whether] [t]he Trial Court erred and/or abused its discretion in denying Appellant's Petition to Enforce Plea Agreement without an evidentiary hearing.

B. [Whether] [t]he Trial Court erred and/or abused its discretion by determining, in derogation of the Ex Post Facto, Due Process and Contracts Clauses of the Constitutions of the United States of America and the Commonwealth of Pennsylvania, that the terms of Appellant's negotiated plea agreement, including and referring specifically to the implied and express terms pertaining to sex offender registration, should not be specifically enforced.

C. [Whether] [t]he Trial Court erred and/or abused its discretion in determining that Appellant should be required to register as a [Third] Tier, life-time sex offender pursuant to SORNA, 42 Pa.C.S. § 9799, *et seq.*, in contravention of the express and implied terms of the negotiated plea agreement, which was entered into prior to the effective date of SORNA and required a ten (10) year registration period.

D. [Whether] [t]he Trial Court erred as a matter of law in failing to determine that SORNA's life-time registration requirements were illegally applied to Appellant as those life-time registration requirements were clearly inapplicable to Appellant where, on or after December 20, 2012, the effective date of SORNA, Appellant was not, and never had been, under supervision for any offense requiring life-time registration pursuant to the express provisions of SORNA.

Appellant's Brief at 3.

In consideration of Appellant's initial issue, the trial court ultimately concludes that its ruling had been made in error.

> After a review of the record and the pleadings in light of the most recent cases decided by the Superior Court, it is this court's opinion that the reporting/registration requirement of ten years was an express part of the plea agreement and that the defendant has complied with all parts of the agreement, entitling him to the benefit of his bargain. As such, this court would ask for the Superior Court to reverse the order denying relief and remand the case for an appropriate Order.

T.C.O. at 3.

In **Hainesworth,** the appellant was originally charged with three counts of statutory sexual assault; two counts of aggravated indecent assault; three counts of indecent assault; and two counts of criminal use of a communication facility. **Hainesworth**, 82 A.3d at 445. At the time, the only offense that carried a Megan's Law reporting requirement was aggravated indecent assault, which the Commonwealth withdrew in order to induce a plea. **Id.** Hainesworth entered a negotiated plea of guilty to three counts of statutory sexual assault, three counts of indecent assault, and one count of criminal use of a communication facility. **Id.**

The General Assembly subsequently enacted SORNA, thereby imposing a twenty-five year registration requirement for Tier II sexual offenses. Under SORNA, sexual assault is categorized as a Tier II sexual offense. Hainesworth sought the termination of his probation in order to avoid this new registration requirement, which the court denied. **Id.** at 446. However, the court's order stated that Hainesworth was not subject to the registration requirements of SORNA. **Id.** The lower court provided the following rationale for not imposing the new requirements. "Application of [SORNA] to [Hainesworth] violates due process of law, fundamental fairness, and provisions of the negotiated plea agreement entered into between [Hainesworth] and the government. It would also destroy the process of negotiated plea agreements essential to the efficient disposition of criminal

cases in Westmoreland County." *Id.* at 46-47 (citation to the record omitted).

On appeal, this Court upheld the lower court's ruling, concluding that, "the parties … entered into a plea bargain that contained a negotiated term that Hainesworth did not have to register as a sex offender. As such, it was not error for the trial court to order specific enforcement of that bargain." *Id.* at 450. In *Nase*, we clarified that, "because [Hainesworth] specifically negotiated with the Commonwealth to remove all sex offenses that required registration, requiring him to register would deprive him of the benefit of his bargain." *Nase*, 104 A.3d at 531.

Addressing the applicability of *Hainesworth*, this Court recently held, in *Nase*, that a ten-year registration requirement was a bargained-for term. *Nase*, 104 A.3d at 530. Nase originally entered a guilty plea to statutory sexual assault and unlawful contact with a minor. *Id.* at 528. In exchange for his plea, the Commonwealth *nolle prossed* several other sexual offense charges. *Id.* However, in order to impose a ten year registration requirement under Megan's Law, the plea bargain specifically included the offense of unlawful contact with a minor. Subsequently, SORNA became effective, increasing the unlawful contact with a minor's registration requirement from ten to twenty-five years. *Id.* at 529. On appeal from the denial of his petition to avoid additional registration requirements, this Court found that Nase was entitled to specific performance for the following reason:

> To the extent that the Commonwealth asserts that registration was not part of the plea agreement, such a position is belied by the fact that [the] [a]ppellant expressly agreed to plead guilty to unlawful contact with a minor so as to be subject to the then-extant registration period. Thus, registration consequences were unequivocally part of the plea negotiations and arrangement.

*Id.* at 534.

In the case *sub judice*, Appellant's plea bargain included a ten-year Megan's Law registration requirement. Initially, the trial court had determined that **Hainesworth** did not apply because the ten-year registration requirement was not bargained for, but was a collateral consequence to the plea. However, our recent holding in **Nase** clarifies the matter in recognizing that certain registration consequences may be a negotiated part of a plea bargain. Therefore, we agree with the trial court, that its decision, based on a narrow reading of **Hainesworth**, which we rejected in **Nase**, was made in error. Accordingly, we vacate the order and remand for reconsideration of Appellant's petition.

In light of the foregoing disposition, we do not reach Appellant's other issues.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 6 -

Date: <u>8/18/2015</u>